Filed 5/16/22  P. v. Bui CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>VU MINH BUI,<br><br>       Defendant and Appellant. | H049032<br>(Santa Clara County<br> Super. Ct. No. CC894877) |

### MEMORANDUM OPINION[1]

In 2011, pursuant to a plea agreement calling for a stipulated sentence of 25 years in state prison, defendant Vu Minh Bui pleaded guilty to attempted murder.  (Pen. Code, §§ 664, subd. (a), 187.[2])  He also admitted a firearm enhancement.  (§ 12022.53, subd. (c).)  On October 7, 2011, the trial court imposed a total term of 25 years in state prison (composed of five years for the attempted murder conviction and 20 years for the firearm enhancement), with credit for time served of 1,542 days.

In July 2020, the Secretary of the California Department of Corrections and Rehabilitation (the Secretary) sent a letter to the trial court recommending that it recall

---

[1] We resolve this case by memorandum opinion under California Standards of Judicial Administration, section 8.1.  (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853–855.)  The facts of Bui's offense are immaterial to this appeal.

[2] Unspecified statutory citations are to the Penal Code.

Bui's sentence under former section 1170, subdivision (d)(1) and resentence him. The letter explained that section 1170, subdivision (d) allows resentencing "in the same manner as if [the defendant] had not previously been sentenced"; and that, unlike when Bui was originally sentenced, the law now permits courts to exercise their discretion "to strike or dismiss a personal use firearm enhancement at sentencing or resentencing . . . in the interest of justice pursuant to [Penal Code s]ection 1385."

After receiving briefing and hearing oral argument from the parties, the trial court declined to resentence Bui. The trial court's written order, filed on March 1, 2021, states, "Under section 1170[, subdivision] (d)(1), a court may only resentence, 'reduce a defendant's term of imprisonment and modify the judgment, including a judgment entered after a plea agreement, *if it is in the interest of justice.*' [] The sentencing court in this matter imposed a sentence that the parties stipulated to in a negotiated plea agreement and that serves the interests of judice. The court finds it would not be in the interest of justice to resentence, reduce and modify the judgment at this time."

Bui appeals from the trial court's order on the ground the court abused its discretion when it declined to resentence him.[3] Bui also asserts that this court should reverse based upon new legislation—namely Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Assembly Bill 1540)—which (he contends) applies retroactively to him.

The Attorney General disagrees that the trial court abused its discretion and that the new legislation applies retroactively. Nevertheless, the Attorney General concedes that we should reverse and remand for the trial court to consider the Secretary's recommendation, given that the law governing recall of sentences has "substantially alter[ed] the framework for recall and resentencing." The Attorney General states it would be in the interest of judicial efficiency to remand the case to the trial court for reconsideration under the new law.

---

[3] Bui withdraws this argument in his reply brief.

2

We agree. The newly enacted Assembly Bill 1540 moved the recall and resentencing provision to section 1170.03 and materially revised its terms. (See Stats. 2021, ch. 719, § 3.1.) Section 1170.03 took effect on January 1, 2022. With respect to the Secretary's recommendation to reduce a sentence that was the product of a negotiated plea agreement, section 1170.03 provides that "the resentencing court may, in the interest of justice and regardless of whether the original sentence was imposed after a trial or plea agreement, do the following: [¶] (A) Reduce a defendant's term of imprisonment by modifying the sentence." (§ 1170.03, subd. (a)(3)(A).) The new statute also indicates that where the recall and resentencing recommendation is made by the Secretary, "[t]here shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety, as defined in subdivision (c) of [s]ection 1170.18." (§ 1170.03, subd. (b)(2).) The new section further requires a court to "apply any changes in law that reduce sentences or provide for judicial discretion" when resentencing under the recall statute. (*Id*., subd. (a)(2).) As the Attorney General's concession recognizes, whether the new legislation applies retroactively or not, the Secretary could simply recommend recall of Bui's sentence again, triggering the new legal standards.

Accordingly, we will reverse the trial court's order declining to recall Bui's sentence and remand for reconsideration under current law (§ 1170.03).

## DISPOSITION

The trial court's March 1, 2021 order declining to recall Bui's sentence is reversed, and the matter is remanded for the trial court to reconsider the recommendation of the Secretary of the California Department of Corrections and Rehabilitation under current law (Pen. Code, § 1170.03).

3

_____
Danner, J.

WE CONCUR:


_____
Bamattre-Manoukian, Acting P.J.


_____
Wilson, J.

**H049032**
*People v. Bui*